UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRINA MUFFALETTO,

                        Plaintiff,

    - against –

ADA P. SABOL and CHRISTOPH J. SABOL,

                        Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF LAW**

**Docket No.: 2015-cv-05967**

Jaclyn E. Howe, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalty of perjury:

1.     I am an associate of the Law Firm of Jonathan D'Agostino & Associates, P.C., attorneys for the Plaintiff herein and I am fully familiar with all the pleadings and proceedings had in this matter previously.

2.     This affirmation is being submitted in support of Plaintiff's motion for summary judgment on the issue of negligence in this motor vehicle accident as it resulted from a hit in the rear.

3.     This is a personal injury action wherein the Plaintiff, TRINA MUFFALETTO, sustained serious injuries when her motor vehicle was struck in the rear by Defendant CHRISTOPH J. SABOL on May 16, 2014 (Annexed hereto as Exhibit "A" is a copy of the police report.)

4.     A Summons and Complaint was filed on or about February 17, 2015 and issue was joined by service of an Answer on or about March 5, 2015. (A copy of the Summons and Complaint and Answer are attached to hereto as Exhibits "B" and "C", respectively.) Shortly thereafter, this matter was transferred to the Eastern District of New York on October 15, 2016. (A copy of the Order transferring the case is annexed hereto as Exhibit "D".)

5.     In the instant matter, Plaintiff, TRINA MUFFALETTO, testified at a deposition taken on May 3, 2016. (Annexed hereto as Exhibit "E" is a copy of Plaintiff TRINA MUFFALETTO's deposition transcript.) Plaintiff testified that on the date of the accident, she was travelling on Hylan Boulevard for approximately 10-15 minutes prior to the accident (pg. 15.) Plaintiff testified that at the time of the accident, the car in front of her

stopped, she stopped and then the Defendant vehicle struck her in the rear (pg. 17.) Plaintiff testified that there was about a half of a car length between her vehicle and the one in front of her at the time Plaintiff stopped her vehicle (pg. 21-22.) Plaintiff testified that immediately before the accident, she was travelling about 10 miles per hour and decreasing the speed of her vehicle as the vehicles in front of her were coming to a stop (pg. 22.) Plaintiff explained that a bus was pulling out from the curb in front of the car in front of Plaintiff, both the car in front of Plaintiff and Plaintiff proceeded to stop (pgs. 23-24.) Plaintiff testified that the car in front of her braked a few times prior to stopping her vehicle (pg. 25.)

6.      Defendant, Christopher Sobel appeared for a deposition on May 3, 2016. A copy of his transcript is annexed hereto as Exhibit "F." Defendant testified that he was travelling on Hylan Boulevard for about 10-15 minutes prior to the accident (pg. 11.) Defendant testified that he saw a bus on the side of the road to his right (pg. 13.) Defendant first saw the bus stopped, ahead of him and to his immediate right while he was stopped at the traffic light on Hylan Boulevard and Nelson Avenue prior to the accident (pg. 14; 22.) Defendant testified that there were approximately 2 cars in front of him at the red light (pg. 14.) Defendant testified that when the light turned green, he saw the bus attempting to turn into the lane of traffic (pg. 15.) Defendant testified that prior to the accident, he saw Plaintiff breaking (pg. 23.) Defendant then came into contact with the rear of Plaintiff's vehicle (pg. 23.) Defendant testified that there was damage to the license plate of his vehicle (pg. 38.)

## I. PLAINTIFF SHOULD BE GRANTED SUMMARY JUDGMENT ON LIABILITY

7.      It is well settled that a rear end collision provides a prima facie case of negligence against the operator of the moving vehicle and a duty is then imposed on the operator to explain the accident and to rebut the inference of negligence. Cacace v. DiStefano, 276 A.D. 2d 457, 713 N.Y.S. 2d 758 (2nd Dept. 2000). In the instant matter, it is undisputed that the within motor vehicle accident occurred as a result of the defendant's motor vehicle striking Plaintiffs' motor vehicle in the rear.

8.      It is also well established that "…a rear end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle." Tutrani v. County of Suffolk, 10 N.Y.3d 906 (2008) citing Stalikas v. United Materials, 306 A.D.2d 810, 760 N.Y.S.2d 804 (4th Dept. 2003) aff'd 100 N.Y.2d 626, 769 N.Y.S.2d 191 (2003.) Furthermore, "[a] driver is expected to drive at a sufficiently safe speed

and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions." Malone v. Morillo, 6 A.D.3d 324, 325, 775 N.Y.S.2d 312 (1st Dept. 2004.)

9.     Additionally, this Court has specifically held that "[u]nder New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle. That presumption arises from both common law principles and New York's Vehicle and Traffic Law, both of which establish that any driver approaching another automobile from the rear is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle." Krynski v. Chase, 707 F.Supp.2d 318 (2009)(internal citations omitted.)

10.     Moreover, pursuant to V.T.L. §1129:

"(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.

(b) The driver of any motor truck or motor vehicle drawing another vehicle when traveling upon a roadway outside of a business or residence district and which is following another motor truck or motor vehicle drawing another vehicle shall, whenever conditions permit, leave sufficient space so that an overtaking vehicle may enter and occupy such space without danger, except that this shall not prevent a motor truck or motor vehicle drawing another vehicle from overtaking and passing any like vehicle or other vehicle.

(c) Motor vehicles being driven upon any roadway outside of a business or residence district in a caravan or motorcade whether or not towing other vehicles shall be so operated as to allow sufficient space between each such vehicle or combination of vehicles so as to enable any other vehicle to enter and occupy such space without danger. This provision shall not apply to funeral processions.

11.     Plaintiff testified that she was stopped when she was struck in the rear by Defendant. Plaintiff testified as follows:

Q: How many contacts were there, to your car, if any?
A: There was just the one behind me that contacted my car.
(See Exhibit "E" page 17, lines 15 - 18)

12.     Moreover, Defendant testified that he struck Plaintiff's motor vehicle in the rear. Defendant testified as follows:

Q: Did there come a point in time where your vehicle and the car in front, the Plaintiff's vehicle came into contact?

A: Yes.

Q: What part of your vehicle and what portion of the car in front of you came into contact?

A: I tapped her back end so my front end tapped her back end.

(*See* Exhibit "F" page 23, lines 4 - 12)

13.    It must be noted that Defendant specifically testified that he saw Plaintiff breaking prior to the impact. (*See*, Exhibit "F" page 23.) Defendant also testified that he saw the bus pulling out of the bus stop into moving traffic prior to the impact. (pg. 15.) The foregoing makes it crystal clear that Defendant was well aware of the traffic conditions on the roadway and despite this, he failed to maintain a proper distance between his vehicle and the Plaintiff's vehicle.

14.    Based upon the evidence herein, summary judgment should be granted in favor of the Plaintiff. In the instant matter it is undisputed that Plaintiff's vehicle was struck in the rear by Defendant's vehicle and Defendant cannot present any evidence to rebut the presumption of negligence. Absent any such evidence, summary judgment must be granted in favor of plaintiff. *See*, Cacace, *supra* at 759; Tricoli v. S. Malik 268 A.D.2d 469, 701 N.Y.S.2d 644 (2nd Dept. 2000); Mustafaj v. Driscoll 777 N.Y.S.2d 26.

15.    As there are no triable issues of fact with respect to liability, Plaintiff's motion should be granted.

**WHEREFORE**, affirmant respectfully requests that the within motion be granted, together with such other, further and different relief as to this Court seems just and proper.

Dated: Staten Island, NY
        December 2, 2016

Jaclyn E. Howe, Esq.