UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X
TRINA MUFFALETTO,

        Plaintiff,

-against-

ADA P. SABOL and CHRISTOPH J. SABOL,

        Defendants.
———————————————————————X

**AFFIRMATION
IN REPLY**

Docket No.: 15-cv-5967 (PKC)

Judge Pamela K. Chen

Jaclyn E. Howe, Esq., an attorney duly admitted to practice before the courts of this State, and associated with the Law Firm of Jonathan D'Agostino & Associates, P.C., attorneys for plaintiff, affirms the following to be true under penalty of perjury:

1.    I am fully familiar with all of the pleadings and proceedings had in this matter previously, and make this affirmation in reply to the opposition of the Defendants ADA P. SABOL and CHRISTOPH J. SABOL.

## I. DEFENDANTS ARE NOT ENTITLED TO THE DEFENSE OF THE EMERGENCY DOCTRINE

**(a) Defendants' have not plead the Emergency Doctrine as an Affirmative Defense**

2.    Pursuant to F.R.C.P. Rule 12(b):

> "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> (1) lack of subject-matter jurisdiction;
> (2) lack of personal jurisdiction;
> (3) improper venue;
> (4) insufficient process;
> (5) insufficient service of process;
> (6) failure to state a claim upon which relief can be granted; and
> (7) failure to join a party under Rule 19."

3.    Furthermore, F.R.C.P. Rule 12(h) specifically sets forth:

> "(1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:
>     (A) omitting it from a motion in the circumstances described in Rule 2(g)(2); or
>     (B) failing to either:
>         (i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

4. Additionally, F.R.C.P. Rule 8(b) and (c) state the following:

"(b) Defenses; Admissions and Denials.
(1) In General. In responding to a pleading, a party must:
(A) state in short and plain terms its defenses to each claim asserted against it; and
(B) admit or deny the allegations asserted against it by an opposing party.

\*\*\*

(c) Affirmative Defenses.

(1) In General. In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:
- accord and satisfaction;
- arbitration and award;
- assumption of risk;
- contributory negligence;
- duress;
- estoppel;
- failure of consideration;
- fraud;
- illegality;
- injury by fellow servant;
- laches;
- license;
- payment;
- release;
- res judicata;
- statute of frauds;
- statute of limitations; and
- waiver."

5. A review of Defendants' Answer, annexed to Plaintiff's motion as Exhibit "C," reveals that Defendants never asserted the affirmative defense of the Emergency Doctrine or one for contributory negligence. *See*, Plaintiff's Exhibit "C" paragraphs 5-10.

6. It is well settled that when the jurisdiction of the Federal District Court is based upon diversity of the parties, as is the case herein, the law of the State in which the accident happened is applied. Covey v. Simonton, 481 F.Supp2d 224 (2007) *citing* Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Momchiloy v. Chaduhry, No. 04 CV 3159, 2006 WL 1307978, at \*2 (E.D.N.Y. May 11, 2006.) *See also,* Moon v. U.S., Not Reported, F.Supp.2d 2011 WL 181741 (2011)(wherein the court held that the emergency doctrine is an affirmative defense under New York Law and pursuant to F.R.C.P. Rule 8(c) said Defense is required to be plead in a responsive pleading.) Accordingly, New York Law applies to the within matter.

7. As Defendants have not pled either the Emergency Doctrine or contributory negligence as Affirmative Defenses, Defendants cannot now seek to assert or rely upon same.

8. It is well settled that "[o]rdinarily, a failure to plead an affirmative defense results in the waiver of that defense and its exclusion from the case." Moon v. U.S., 2011 WL 181741 (S.D.N.Y. 2011.) Furthermore, New York Law has repeatedly held that where the acts relating to the existence of an emergency are presumably known only to the party seeking to invoke the doctrine, it must be pleaded as an affirmative defense. Bello v. Transit Authority of New York City, 12 A.D.3d 58 (2nd Dept. 2004). Defendants' Answer, annexed to Plaintiff's motion as Exhibit "C" clearly reveals that Defendant failed to raise either the Emergency Doctrine or contributory negligence as affirmative defenses. Accordingly, Defendants' waived the Affirmative Defenses and therefore cannot assert them for the first time in opposition to Plaintiff's motion for Summary Judgment.

9. Based upon the foregoing, Plaintiff's motion must be granted in its entirety.

**(b) Defendants have not met the requirements of the Emergency Doctrine**

10. Should this Court permit the Defendants to assert the defense of the Emergency Doctrine, Plaintiff's motion must still be granted as Defendants have not set forth sufficient evidence to invoke the Doctrine.

11. Pursuant to the Emergency Doctrine, "when an actor is confronted with a sudden and unanticipated situation which leaves little or no time for deliberation and requires him to make a speedy decision without weighing alternative courses of conduct, the actor may not be liable for negligence if the actions taken are reasonable and prudent when evaluated in the context of the emergency conditions." Wu Kai Ming v. Grossman, 133 A.D.3d 742, 19 N.Y.S.3d 334 (2015.) *See also*, Levy v. Braman Motorcars, 119 A.D.3d 530, 990 N.Y.S.2d 45 (2014); Bonforte v. M.K.'s Landscaping of Liberty, 131 A.D.3d 910, 15 N.Y.S.3d 850 (2015.)

12. Furthermore, this Honorable Court has previously held that the Emergency Doctrine "… does not apply to situations where the defendant driver should reasonably have anticipated and been prepared to deal with the situation with which he was confronted." Krynski v. Chase, 707 F.Supp.2d 318 (2009.)

13. As is succinctly demonstrated by Defendant's own testimony, Defendant was not faced with a "sudden and unanticipated" situation. Defendant specifically testified that prior to the accident, when he first stopped at the red light at Nelson and Hylan, he saw a bus on his right where it left people off (*See*, Plaintiff's Exhibit "F" pages 13-14.) Defendant also testified that as he was moving forward, he saw the bus "attempting to turn into the lane of oncoming traffic" (pg. 18.) Defendant then testified that he saw Plaintiff braking prior to the impact. (pg. 23.)

14. Defendant has admitted through his testimony that prior to the accident, while he was stopped at the

red light, he saw the bus to his right; he then saw the bus pulling into the oncoming lane of traffic; and he then saw Plaintiff's vehicle stopping. Clearly, Defendant was well aware of the roadway conditions and his surroundings at the time of the accident, thus he was not faced with any emergency situation.

15. Furthermore, it is only in Defense counsel's assertions where it is mention that plaintiff's vehicle came to a "sudden and unexpected stop." This assertion is solely counsel's opinion and completely unsupported by the evidence herein. *See*, Defendants' Affirmation in Opposition paragraph 6. It must be noted that contrary to Defense counsel's assertions, nowhere in the parties' testimony did either testify that the Plaintiff's vehicle came to a sudden or unexpected stop. Therefore, Defense Counsel's assertion of his opinion must be disregarded.

16. Additionally, Defendants reliance on Maizous v. Garraffa, 2002 WL 1471556 (E.D.N.Y. 2002) is misplaced and completely inapposite to the case at hand. Maizous involved a four car rear end accident. The Placona vehicle (the 4th car) rear ended the Garraffa vehicle (the 3rd car) which was pushed into the Maizous vehicle (the 2nd car) who was pushed into the Ryan vehicle (the 1st car.) Defendant Placona, the 4th vehicle, claimed that Garraffa, the 3rd vehicle, had come to a sudden stop, which Garraffa admitted. The Court held that the lead vehicle in a rear end collision can be held negligence, thus precluding summary judgment, for stopping short.

17. In Maizous, there was testimony from the parties involved that the Garraffa vehicle stopped short, including defendant Garraffa's own testimony that he felt he came to a sudden stop. In the case at bar, there is ***NO*** testimony from either party involved that there was a sudden stop of Plaintiff's vehicle. In fact the only inference of a sudden stop of Plaintiff's vehicle is Defense Counsel's unsupported and inadmissible opinion! Accordingly, the Maizous case is inapposite from the within matter and should be disregarded.

18. Moreover, Plaintiff testified that at the time of the accident she was travelling "very slow" as was the car in front of her since the bus was pulling into traffic. (*See*, Plaintiff's Exhibit "F" pg. 22.) Plaintiff also testified that the bus had its signal on while moving into the lane of traffic (pg. 23.) Plaintiff testified that the car in front of her did ***NOT*** brake suddenly, but rather had braked a few times prior to stopping her vehicle (pg. 25.) Accordingly, it is clear that there was no sudden stopping by any vehicle on the roadway prior to the accident.

19. Based upon the testimony of the parties, there is no evidence that Defendant was confronted with an emergency situation, particularly in view of the fact that he admitted seeing traffic coming to a stop prior to the accident.

20. In view of the foregoing, Defendants' opposition fails to raise a triable issue of fact to this simple strike in the rear motor vehicle accident and Plaintiff's motion for partial summary judgment should be granted in its entirety.

21. It is well settled that a rear end collision provides a prima facie case of negligence against the operator of the moving vehicle and a duty is then imposed on the operator to explain the accident and to rebut the inference of negligence. Cacace v. DiStefano, 276 A.D. 2d 457, 713 N.Y.S. 2d 758 (2nd Dept. 2000). In the instant matter, it is undisputed that the within motor vehicle accident occurred as a result of the defendant's motor vehicle striking Plaintiffs' motor vehicle in the rear.

22. It is also well established that "…a rear end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle." Tutrani v. County of Suffolk, 10 N.Y.3d 906 (2008) *citing* Stalikas v. United Materials, 306 A.D.2d 810, 760 N.Y.S.2d 804 (4th Dept. 2003) *aff'd* 100 N.Y.2d 626, 769 N.Y.S.2d 191 (2003.) Furthermore, "[a] driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account the weather and road conditions." Malone v. Morillo, 6 A.D.3d 324, 325, 775 N.Y.S.2d 312 (1st Dept. 2004.)

23. Additionally, this Court has specifically held that "[u]nder New York law, a rear-end collision establishes a prima facie case of liability against the rear vehicle and imposes a duty of explanation on the operator of that vehicle. That presumption arises from both common law principles and New York's Vehicle and Traffic Law, both of which establish that any driver approaching another automobile from the rear is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle." Krynski v. Chase, 707 F.Supp.2d 318 (2009)(internal citations omitted.)

24. Based upon the evidence herein, summary judgment should be granted in favor of the Plaintiff. In the instant matter it is undisputed that Plaintiff's vehicle was struck in the rear by Defendant's vehicle and Defendant cannot present any evidence to rebut the presumption of negligence. Absent any such evidence, summary judgment must be granted in favor of plaintiff. *See*, Cacace, *supra* at 759; Tricoli v. S. Malik, 268 A.D.2d 469, 701 N.Y.S.2d 644 (2nd Dept. 2000); Mustafaj v. Driscoll, 5 A.D.3d 138, 773 N.Y.S.2d 26 (2004.)

25. As there are no triable issues of fact with respect to liability, Plaintiff's motion should be granted.

WHEREFORE, affirmant respectfully requests that the within motion be in all respects denied, together with such other, further, and different relief as to this Court seems just and proper.

DATED: STATEN ISLAND, NY
January 20, 2017

_____
Jaclyn E. Howe, Esq. (JH2290)
Jonathan D'Agostino & Associates, P.C.
3309 Richmond Avenue
Staten Island, NY 10312

Our File No: Q16419-N141605