UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
TRINA MUFFALETTO,

                        Plaintiff,                    **MEMORANDUM & ORDER**

v.                                                    15-CV-5967 (PKC)

ADA P. SABOL and CHRISTOPH J. SABOL,

                        Defendants.
------------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

      Plaintiff Trina Muffaletto ("Plaintiff") brings this negligence action against Defendants Ada P. Sabol ("Ms. Sabol") and Cristoph J. Sabol ("Mr. Sabol") based on a motor vehicle collision that occurred on May 16, 2014. Before the Court is Plaintiff's motion for summary judgment on "liability." For the reasons stated below, the Court grants Plaintiff's motion to the extent that it seeks a finding that Mr. Sabol was negligent and that his negligence was the sole proximate cause of the collision. Genuine issues of fact remain, however, as to whether the collision caused injury to Plaintiff and, if so, the nature and extent of that injury. Those questions must be resolved at trial.

## SUMMARY JUDGMENT PRACTICE

      Before addressing the merits of Plaintiff's motion, the Court is obliged to comment on Defendants' failure to comply with even the most basic procedural requirements of summary judgment practice in this Court. Specifically, Defendants' responsive Rule 56.1 Statement (Dkt. 14) does not respond to Plaintiff's opening Rule 56.1 Statement (Dkt. 13) and does not contain a single citation to the record, in clear violation of Federal Rule of Civil Procedure 56(c)(1)(A) and Local Civil Rule 56.1(b)&(c). Similarly, in response to Plaintiff's motion, defense counsel has submitted an "Affirmation in Opposition" that contains, among other things, factual assertions that are not supported by citations to the record (*see* Dkt. 18 ¶ 6), and, like Defendants' Rule 56.1 Statement, does not respond to the factual assertions set forth in Plaintiff's opening 56.1

Statement (*see id.*). These deviations from the applicable summary judgment procedures have placed the Court in the undesirable position of either deeming all of Plaintiff's factual assertions uncontested, *see* L. Civ. R. 56.1(c), or conducting a complete and unguided review of the record to evaluate Plaintiff's motion. The Court also notes that defense counsel's deviation from the applicable rules is particularly egregious because it was *Defendants* who chose to remove Plaintiff's complaint to federal court. (*See* Dkt. 1 (Notice of Removal).)

To safeguard the interests of Defendants, the Court has undertaken its own complete review of the summary judgment record to evaluate Plaintiff's motion. However, defense counsel is admonished to read and comply strictly with the applicable court rules for the remainder of this action; the Court will not excuse or compensate for similar failures or deficiencies in the future.

## BACKGROUND[1]

This case involves a motor vehicle accident that occurred on May 16, 2014, on Hylan Boulevard in Staten Island, New York. (Pl.'s 56.1 Stmt., Dkt. 13, ¶¶ 1-2; Defs.' 56.1 Stmt., Dkt. 14, ¶¶ 3-5.) Moments before the accident, Plaintiff, driving her personal vehicle, was stopped at a red light in the center lane of a three-lane street. (Pl.'s 56.1 Stmt., Dkt. 13, ¶ 6; Sabol Dep.,[2] Dkt. 18-3, at 14:3-20.) One vehicle was stopped in front of Plaintiff at the light, and a city bus was stopped to Plaintiff's right, in the right-most lane, allowing bus passengers to disembark. (Pl.'s 56.1 Stmt., Dkt. 13, ¶ 7; Muffaletto Dep.,[3] Dkt. 18-2, at 23-24; Sabol Dep., Dkt. 18-3, at 14.)

---

[1] Unless otherwise noted, the facts stated in this section are undisputed.

[2] "Sabol Dep." refers to the transcript of the deposition of Christoph Sabol taken on May 3, 2016. (Dkt. 18-3.)

[3] "Muffaletto Dep." refers to the transcript of the deposition of Trina Muffaletto taken on May 3, 2016. (Dkt. 18-2.)

Defendant Christoph Sabol, driving a car owned by his mother, Defendant Ada Sabol, was stopped directly behind Plaintiff. (Sabol Dep., Dkt. 18-3, at 14.)

When the traffic light turned green, the car in front of Plaintiff's car began to proceed straight through the intersection, and Plaintiff followed, with Mr. Sabol following behind her. (Muffaletto Dep., Dkt. 18-2, at 23-25; Sabol Dep., Dkt. 18-3, at 14-15, 18-19, 23-24.) Before the car ahead of Plaintiff made it through the intersection, the bus shifted into the center lane, forcing the car ahead of Plaintiff to slow down and come to a stop. (*Ibid.*) Plaintiff, traveling approximately ten miles per hour, pressed on her brakes and brought her vehicle to a stop without contacting the car in front of her. (*Ibid.*) Mr. Sabol saw Plaintiff's brake lights, but did not stop his vehicle in time to avoid colliding with Plaintiff's vehicle. (Sabol Dep., Dkt. 18-3, at 23-24.) The front end of Mr. Sabol's vehicle made contact with the rear end of Plaintiff's vehicle while Plaintiff's vehicle was stopped or nearly stopped. (*Id.*) Plaintiff claims that she suffered serious injuries as a result of the collision.

On February 17, 2015, Plaintiff filed a complaint against Defendants in the Supreme Court of the State of New York, Richmond County, alleging a single count of negligence. (Dkt. 1 (Notice of Removal) at ECF[4] 5-7.) Defendants, residents of New Jersey, removed the complaint to this Court based on diversity and Plaintiff's request for damages of over five million dollars. (Dkt. 1 (Notice of Claim); Dkt. 6 (Letter to M.J. Levy) at ECF 2.) Before the Court is Plaintiff's motion for summary judgment as to Defendant Christoph Sabol's "liability" for negligence. (Dkt. 19.)

**LEGAL STANDARD**

Summary judgment is appropriate where the submissions of the parties, taken together, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to

---

[4] "ECF" refers to the pagination generated by the Court's CM/ECF system, and not the document's internal pagination.

judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (summary judgment inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law"). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The initial burden of "establishing the absence of any genuine issue of material fact" rests with the moving party. *Zalaski v. City of Bridgeport Police Dep't*, 613 F.3d 336, 340 (2d Cir. 2010). Once this burden is met, however, the burden shifts to the nonmoving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial. *Spinelli v. City of N.Y.*, 579 F.3d 160, 166-67 (2d Cir. 2009); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A mere "scintilla of evidence" in support of the nonmoving party is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted; alterations in original). In other words, "[t]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial.*" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quotation omitted; emphasis in original).

In determining whether a genuine issue of fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The Court also construes any disputed facts in the light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

4

**DISCUSSION**

New York courts have developed clear rules of decision that apply to motions for summary judgment in negligence actions based on rear-end motor vehicle collisions.[5] "A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle." *Waide v. Ari Fleet, LT*, 143 A.D.3d 975, 975 (N.Y. App. Div. 2016) (quotation omitted). Thus, "[a] rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence." *Nikolic v. City-Wide Sewer & Drain Serv. Corp.*, 150 A.D.3d 754, 755 (N.Y. App. Div. 2017).

Here, Plaintiff has made a *prima facie* showing that Mr. Sabol was negligent because Mr. Sabol's vehicle collided with the rear end of Plaintiff's vehicle when it was stopped or coming to a stop. The only non-negligent explanation that Mr. Sabol offers for colliding with Plaintiff's vehicle is that "immediately prior to the accident, a bus pulled out from the curb . . . , forcing the car in front of the plaintiff and plaintiff's vehicle to suddenly and unexpectedly stop their vehicles, directly contributing to the cause of [the] accident." (Defs.' Aff. in Opp., Dkt. 18, ¶ 6.) Mr. Sabol argues that, "[u]nder the circumstances . . . , in which [Plaintiff] stopped suddenly because she was cut off by a bus entering her lane of travel, there remains a question of fact as to whether plaintiff controlled her vehicle in a reasonably safe manner under the circumstances." (*Id.* ¶ 18.)

Mr. Sabol's explanation is woefully insufficient. "While a nonnegligent explanation for a rear-end collision may include evidence of a sudden stop of the lead vehicle, vehicle stops which

---

[5] Plaintiff asserts a single claim of common law negligence against Defendants under New York law. (Dkt. 1 (Notice of Removal) at ECF 5-7.)

are foreseeable under the prevailing traffic conditions must be anticipated by the driver who follows, since he or she is under a duty to maintain a safe distance between his or her vehicle and the vehicle ahead." *Waide*, 143 A.D.3d at 976. Here, Mr. Sabol conceded in his deposition that he saw the city bus shifting from the right lane to the center lane and that he saw Plaintiff's brake lights activate before he collided with her vehicle. (Sabol Dep., Dkt. 18-3, at 13, 14, 15, 22-23.) The record also shows that the lead car was able to stop without hitting the bus and that Plaintiff was able to stop her vehicle without hitting the car in front of her. (Muffaletto Dep., Dkt. 18-2, at 13-14.) Moreover, Plaintiff and Mr. Sabol had both been stopped at a red light just moments before the accident and were traveling at a speed of only about ten miles per hour. (Muffaletto Dep., Dkt. 18-2, at 14; Sabol Dep., Dkt. 18-3, at 23-25.) These undisputed facts distinguish this case from rear-end collision cases in which summary judgment on liability was denied to the plaintiff based on evidence that the cars ahead of the defendant stopped abruptly and unexpectedly before the collision. *See, e.g.*, *Kertesz v. Jason Transp. Corp.*, 102 A.D.3d 658, 659 (N.Y. App. Div. 2013) (defendant rebutted inference of negligence where evidence showed that "plaintiff's vehicle stopped suddenly and without warning approximately 40 to 50 feet from the nearest intersection, despite the fact that there was no traffic in front of that vehicle"); *Scheker v. Brown*, 85 A.D.3d 1007, 1007 (N.Y. App. Div. 2011) (defendant rebutted inference of negligence where plaintiff's vehicle "suddenly changed lanes, directly in front of [the defendant's] vehicle, without signaling, and then slowed down"); *Maizous v. Garraffa*, No. 00 Civ. 4895, 2002 WL 1471556, at *1-6 & n.1 (E.D.N.Y. Apr. 30, 2002) (defendant rebutted inference of negligence where plaintiff's vehicle was "traveling at approximately 30 miles per hour across [a] bridge" before coming to a "sudden stop" just behind backed-up traffic on the bridge).

Defendant also argues that summary judgment should be denied because "there are material issues of fact with regard to . . . whether [Plaintiff] was comparatively negligent." (Defs.' Aff. in Opp., Dkt. 18, ¶ 5.) To be sure, "[t]o prevail on a motion for summary judgment on the issue of liability, a plaintiff must establish, prima facie, not only that the opposing party was negligent, but also that the plaintiff was free from comparative fault." *Nikolic*, 150 A.D.3d at 755. But, other than a conclusory assertion by Defendants' attorney that "there remains a question of fact as to whether plaintiff controlled her vehicle in a reasonably safe manner under the circumstances" (Defs.' Aff. in Opp., Dkt. 18, at ¶ 18), Defendants have not pointed to any evidence in the record from which a reasonable jury could find that Plaintiff acted negligently in the operation of her vehicle. Indeed, based on its independent review of the record, the Court likewise finds that no reasonable jury could conclude that Plaintiff acted negligently in the operation of her vehicle under the circumstances, given that Plaintiff was going less than ten miles per hour, maintained a safe distance from the car ahead of her, and applied her brakes in sufficient time to stop without making contact with the car ahead of her. *See supra*.[6]

Finally, Defendants cannot defeat Plaintiff's motion for summary judgment by invoking the "emergency doctrine." (Defs.' Aff. in Opp., Dkt. 18, ¶ 5.) The "emergency doctrine" is the general principle that, "when an actor is confronted with a sudden and unanticipated situation which leaves little or no time for deliberation and requires him to make a speedy decision without weighing alternative courses of conduct, the actor may not be liable for negligence if the actions taken are reasonable and prudent when evaluated in the context of the emergency condition." *Ming v. Grossman*, 133 A.D.3d 742, 742 (N.Y. App. Div. 2015) (citing *Rivera v. N.Y.C. Transit Auth.*,

---

[6] Defendants do not argue, let alone point to evidence suggesting, that Plaintiff violated any statute or regulation related to the safe operation of her vehicle under the circumstances of this case.

77 N.Y.2d 322, 327 (N.Y. 1991)). In general, however, "the emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead." *Lowhar-Lewis v. Metro. Transp. Auth.*, 97 A.D.3d 728, 729 (N.Y. App. Div. 2012). Here, the Court finds no reason to deviate from this general rule. Contrary to Defendants' arguments, the city bus's movement from the right-hand lane, where it was dropping off passengers, to the center lane, where Plaintiff and Defendants were driving, can hardly be described as a "sudden and unanticipated situation" that justifies application of the emergency doctrine; rather, the record portrays "a common traffic occurrence" to which the emergency doctrine is inapplicable. *Lowhar-Lewis*, 97 A.D.3d at 729; *accord Jacobellis v. N.Y. State Thruway Auth.*, 51 A.D.3d 976, 977 (N.Y. App. Div. 2008); *Campanella v. Moore*, 266 A.D.2d 423, 424 (N.Y. App. Div. 1999). Moreover, the emergency doctrine is particularly inapplicable in this case, where Mr. Sabol admits that he saw the bus on his right as it was allowing passengers to disembark, saw the bus "attempting to turn into" the center lane, saw Plaintiff breaking prior to hitting Plaintiff's car, and was traveling no more than 10 miles an hour at any point. *See supra.*

For these reasons, the Court grants Plaintiff's motion for summary judgment as to Mr. Sabol's negligence. Before closing, however, the Court emphasizes the limited scope of this Order. This Order finds that Mr. Sabol was negligent and that his negligence was the sole proximate cause of the rear-end collision with Plaintiff's vehicle.[7] This Order does not address

---

[7] To be clear, this means that Defendants will not be permitted to argue Plaintiff's comparative negligence at trial, and Defendants will not be permitted to argue the bus driver's comparative negligence at trial. *See Calabrese v. Kennedy*, 28 A.D.3d 505, 506 (N.Y. App. Div. 2006) ("Since the plaintiff was able to safely bring her vehicle to a complete stop behind the . . . vehicle [in front of her] prior to the accident, any purported negligence on the part of [the vehicle in front of her] was not a proximate cause of the rear-end collision[] or the plaintiff's injuries."); *Park v. Kim*, 37 A.D.3d 416, 416-17 (N.Y. App. Div. 2007) (same).

whether the collision caused the injuries that Plaintiff claims she sustained, nor does it address the nature and extent of any such injuries, including whether those injuries qualify as "serious" injuries within the meaning of New York Insurance Law § 5102(d). *See Rodriguez v. Budget Rent-A-Car Sys., Inc.*, 44 A.D.3d 216, 224 (N.Y. App. Div. 2007) (holding that defendant's negligence caused rear-end collision, but remanding for trial "to determine whether plaintiff's injuries were sustained as a result").

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for summary judgment, subject to the limitations stated in this Order.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: Brooklyn, New York
      September 25, 2017